IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>WEN CHAO ART TRADING FIRM, et al.,<br><br>              Defendants. | Case No. 25-cv-01054<br><br>**Judge Manish S. Shah** |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Sony Interactive Entertainment LLC ("Plaintiff" or "SIE") against Defendant No. 88, WENFENG Co.Ltd (the "Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that that Defendants by consent agree to be subject to the personal jurisdiction of this court over claims related to the sale of products using infringing and counterfeit versions of the PLAYSTATION Trademarks (collectively, the "Counterfeit SIE Products") to residents of Illinois. A non-exclusive list of the PLAYSTATION Trademarks is included in the below chart.

| Registration No(s). | Trademark |
|---|---|
| 5929333; 6776909 | PLAYSTATION |
| 6763918 | PS4 |
| 6496058 | PS5 |
| 4498083; 6010231 | DUALSHOCK |
| 2431970 | DUAL SHOCK |
| 6784229 | PS (logo) |

1

| | |
|---|---|
| 7171803; 5619630 | PS4 |
| 6770227; 6279642 | PS5 |
| 3036993; 2728079; 3029636; 3482765; 7279163 | PlayStation logo |
| 2024707; 2109353; | PlayStation logo |
| 6044484; 5667771 | PlayStation logo |
| 6770229; 6082275; 2754313; 2993560 | △ ○ ✕ ☐ |
| 6805555; 2757385 | ☐ △ ✕ ○ |

| | |
|---|---|
| 5748316 | (PlayStation shapes logo: △ □ ○ X) |
| 3064169 | GOD OF WAR |
| 3052719; 3468429 | GRAN TURISMO |
| 5392159; 4800895; 4810333; 4403964 | THE LAST OF US |
| 6895984 | ASTRO'S PLAYROOM |
| 4791550 | BLOODBORNE |
| 6428579 | GHOST OF TSUSHIMA |
| 4756623 | HELLDIVERS |
| 5396802; 6448762 | HORIZON ZERO DAWN |
| 4183157 | INFAMOUS |
| 4285981 | JAK AND DAXTER |
| 4172195 | JOURNEY |
| 3259104 | KILLZONE |
| 4841517 | RATCHET & CLANK |
| 5453673; 3915492 | SACKBOY |
| 3145954 | SLY COOPER |
| 3149183 | TWISTED METAL |
| 3509850 | (GT logo) |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1. Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

3

    a. using the PLAYSTATION Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Barbie product or not authorized by Plaintiff to be sold in connection with the PLAYSTATION Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Barbie product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the PLAYSTATION Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's Counterfeit SIE Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the PLAYSTATION Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the PLAYSTATION Trademarks.

2. Pursuant to the parties' settlement agreement, Defendant No. 88, WENFENG Co.Ltd, shall pay Plaintiff $4,200 (four thousand two hundred dollars) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's

account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 2, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial accounts pursuant to the Temporary Restraining Order [21].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: April 30, 2025

Manish S. Shah
United States District Judge