UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> *Plaintiff*, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendant*. | CASE NO. 1:25-cv-01054 <br><br> **Judge:** Honorable Manish S. Shah <br><br> **Magistrate Judge:** Honorable Maria Valdez |

**DEFENDANTS' MOTION TO MODIFY ASSET RESTRAINT**

Two Defendants JIECHAO Co. Ltd (Def. No. 73) and LIQUAN Co. Ltd (Def. No. 76), (collectively, "Defendants"), by and through their undersigned counsel, respectfully move for a modification of the asset restraint portion of the Preliminary Injunction Order entered on March 5, 2025 [Dkt. No. 37].

Specifically, Defendants seek a partial release of funds currently restrained under the Preliminary Injunction Order. Although Defendants are separate legal entities, their requests for relief are identical and are therefore included in the same motion to streamline the process and for judicial efficiency.

1

## INTRODUCTION

The current restraint amount, as reflected in the platform-generated records [Dkt. Nos. 82-1, p.17, and 85-1, p.14], is grossly disproportionate to the minimal sales shown in the Walmart sales data provided by Plaintiff [Dkt. Nos. 82, ¶4, 82-3; and 85, ¶4, 85-3].

According to Defendants' Walmart Seller Center Records [Dkt. Nos. 82-1, p.13, and 85-1, p.10] and Walmart Sales Data provided by Plaintiff [Dkt. Nos. 82, ¶4, 82-3; and 85, ¶4, 85-3], LIQUAN Co. Ltd and JIECHAO Co. Ltd sold 16 and 20 units of the accused products, respectively, and generated limited revenue of $274.22 and $302.60.

Based on these verified and collaborative records, a modification of the current injunction is justified. A partial release of the restrained funds would enable Defendants to meet ordinary business needs while still preserving sufficient funds for any equitable relief.

Under Defendants' proposal, $5,000 would remain restrained per Defendant. The table below summarizes the sales data, the current frozen amounts for each Defendant, and the proposed release, consistent with the $5,000 holdback per Defendant.

| Defendants | Units Sold | Revenue | Amount Frozen | Proposed Release | Remain Restrained |
|---|---|---|---|---|---|
| LIQUAN Co.Ltd | 16 | $274.22 | $47,120.58 | $42,120.58 | $5,000 |
| JIECHAO Co.Ltd | 20 | $302.60 | $24,617.13 | $19,617.13 | $5,000 |

## LEGAL STANDARDS

"[A]ny injunction issued by a court of equity is itself subject to later modification." *Celine S.A. v. P'ships & Unincorporate Ass'ns Identified on Schedule "A"*, No. 24-cv-06208, 2025 U.S. Dist. LEXIS 39471, at *18 (N.D. Ill. Mar. 5, 2025) (quoting *St John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007)).

A federal court may modify a preliminary injunction order "if persuaded that change had benefits for the parties and the public interest." *Brava Salon Specialists, LLC v. Ref. N. Am., Inc.*, No. 22-cv-695-wmc, 2023 U.S. Dist. LEXIS 204978, at *6 (W.D. Wis. Nov. 15, 2023) (quoting *CFTC v. Battoo*, 790 F.3d 748, 751 (7th Cir. 2015).

**ARGUMENTS**

**A. The restrained funds are grossly disproportionate to the sales of the accused products; the proposed partial release still leaves sufficient funds to cover any equitable relief**

"[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S. Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id*.

"To exempt assets from an asset freeze, '[t]he burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities.'" *Id*. (quoting *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015); *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14 C 9061, 2015 U.S. Dist. LEXIS 78961, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015)).

Defendants have provided sales records from their Walmart Seller Center detailing their respective sales of the accused products, identified by Walmart Product ID #5003310394 and Walmart Product ID #12152721770 [Dkt. Nos. 82-1, and 85-1]. These records are consistent with the Walmart sales data for the same items, which Plaintiff provided during its discovery production [Dkt. Nos. 82-3, and 85-3]. A summary of these records is presented in the table below:

| Defendants | Accused Product Walmart Product ID | Walmart Seller Center Records - Provided by Defendants | Walmart Sales Data - Provided by Plaintiff | Units Sold | Total Revenue |
|---|---|---|---|---|---|
| LIQUAN Co. Ltd | #5003310394 | Dkt. Nos. 82-1, p.13 | Dkt. Nos. 82, ¶4, 82-3 | 16 | $274.22 |
| JIECHAO Co.Ltd | #12152721770 | Dkt. No. 85-1, p.10-11 | Dkt. Nos. 85, ¶4, 85-3 | 20 | $302.6 |

Maintaining an asset restraint far exceeding the actual sales is neither necessary nor equitable. As courts in this District have noted, when the alleged profits are known, the asset freeze

3

should be limited to that figure—and no more. Accordingly, the asset restraint in the present case should be narrowly tailored to the actual sales and profits made by Defendants.

Defendants therefore propose maintaining a restraint of USD $5,000 per Defendant to ensure that sufficient funds remain to satisfy any potential damages arising from the accused products. This approach both preserves Plaintiff's ability to obtain meaningful relief and prevents the inequity of freezing large sums unrelated to the alleged copyright infringement.

Therefore, the Court may narrow the restraint to a $5,000 holdback per Defendant and release all funds exceeding that amount. Alternatively, if the Court prefers a more restrictive revenue-proxy approach, the restraint should be capped at the documented gross revenue from the accused products, as reflected in Dkt. Nos. 82-1, 85-1, 82-3, and 85-3.

## B. Defendants have fully complied with the Preliminary Injunction Order; and Plaintiff will not be prejudiced by the partial release of funds

In determining whether to grant or deny a request to unfreeze funds, a court exercises its discretion by weighing factors unique to each case, including whether the remaining frozen assets are adequate to cover the amount needed to compensate injured parties, and whether the moving party complied with the restraining order. *See also Commodity Futures Trading Comm. v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) ("courts have considered whether the frozen assets are enough to redress the injuries caused to the injured party and, when the funds are insufficient, the court may deny the request to unfreeze the assets."); *CFTC v. Noble Metals Intl'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) (denying Defendant' request to use frozen assets to pay for their attorney fees because the "frozen assets fell far short of the amount needed to compensate [Defendant'] customers" ); *FTC v. Windermere Big Win Int'l, Inc.*, 1999 U.S. Dist. LEXIS 12259, at *20, n. 5 (N.D. Ill. Aug 2, 1999) ("The release of frozen assets may be contingent on Defendants' compliance with this Court's order to submit financial information.") (citing

4

*Commodity Futures Trading Comm'n v. American Metals Exch. Corp.*, 991 F.2d 71, 79-80 (3rd Cir. 1993); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1031 & n.9 (7th Cir. 1988)).

Defendants have fully complied in good faith with all requirements outlined in the Preliminary Injunction Order. They promptly ceased selling the accused products and refrained from transferring any funds. Given this cooperation, there is no justification for continuing to freeze an amount that exceeds the reasonable assessment of potential damages.

Moreover, Plaintiff will not suffer harm from the proposed partial release. The funds remaining under restraint would still be sufficient to cover any alleged damages Plaintiff may have incurred. Additionally, no third-party creditors' interests are impacted by this request, ensuring no adverse effects on other parties.

Therefore, equitable considerations favor granting Defendants' motion for a partial release of the restrained funds.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court issue an order directing the third-party e-commerce platform, Walmart.com, to partially release the restrained funds. This release should be in accordance with the amounts summarized in the table below or any amount deemed reasonable by the Court.

| Defendants | Units Sold | Revenue | Amount Frozen | Proposed Release | Remain Restrained |
|---|---|---|---|---|---|
| LIQUAN Co.Ltd | 16 | $274.22 | $47,120.58 | $42,120.58 | $5,000 |
| JIECHAO Co.Ltd | 20 | $302.60 | $24,617.13 | $19,617.13 | $5,000 |

October 13, 2025

Respectfully submitted,

/s/ He Cheng
He Cheng
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400

                                Fort Lauderdale, FL 33308
                                rcheng@palmerlawgroup.com
                                Tel: +1 (917) 525-1495
                                ***Attorney for Defendants***