UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> *Plaintiff*, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendant*. | CASE NO. 1:25-cv-01054 <br><br> **Judge:** Honorable Manish S. Shah <br><br> **Magistrate Judge:** Honorable Maria Valdez |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION TO MODIFY ASSET RESTRAINT [97]**

Defendants JIECHAO Co. Ltd (Def. No. 73) and LIQUAN Co. Ltd (Def. No. 76) (the "Defendants"), by and through their undersigned counsel, respectfully submit this Reply to Plaintiff's Response in Opposition to Defendants' Motion to Modify Asset Restraint. [Dkt. No.97].

**INTRODUCTION**

*First*, Plaintiff suggests that because Defendants failed to raise their objections prior to the entry of Preliminary Injunction, there have been no "changed circumstances" to warrant a modification of the asset restraint [Dkt. No. 97, pp. 5-6, § A]. This argument is rather flawed. Plaintiff overlooks the completion of the discovery process and seems to ignore their own document production of sales data, which corroborates the sales data provided by Defendants. Defendants are not seeking to relitigate the propriety of the Preliminary Injunction, but rather to adjust the restraint based on the actual, clarified facts that have emerged since its entry.

1

***Second***, Plaintiff conflates equitable relief with statutory remedy. Defendants' motion for modification of the asset restraint is grounded in ensuring equitable relief, and not simply to secure a future judgment. As established in Defendant's Motion and this Reply, the current restraint vastly exceeds what is reasonably necessary to secure the *future equitable relief*.

***Third***, Defendants have provided a detailed and accurate accounting of the restrained funds derived from the accused products, which is corroborated by Plaintiff's own document production. The sales figures presented in Defendants' evidence match Plaintiff's data exactly. Furthermore, Defendants have clarified that they sold other products not related to the accused products, and Plaintiff has failed to establish any nexus between those other products and the claims at issue. As such, the current restraint on funds from non-accused products is unjustified and inequitable.

## ARGUMENTS

### A. Changed circumstances justify modification of the asset restraint

Plaintiff's argument that "nothing has changed" [Dkt. No. 97, pp. 5-7, §§ A & B] and that the asset restraint should remain in full effect overlooks the core issue. Defendants are not attempting to relitigate the propriety of the Preliminary Injunction; instead, they seek a narrow modification based on the facts that have come to light and been confirmed during discovery.

Since the entry of the injunction, discovery has concluded, and both parties have clarified the actual scope of the alleged infringement. Plaintiff's own document production supports the fact that LIQUAN Co. Ltd and JIECHAO Co. Ltd sold 16 and 20 units, respectively, generating limited revenue of $274.22 and $302.60. *See* Dkt. Nos. 82-3 and 85-3; *see also* Dkt. Nos. 82, ¶4 and 85, ¶4. This is further supported by Defendants' production. *See* Dkt. Nos. 82-1 and 85-1.

In contrast, Walmart has currently frozen $47,120.58 for LIQUAN Co. Ltd and $24,617.13 for JIECHAO Co. Ltd, amounts that are grossly disproportionate to the actual revenue generated from the accused products. [Dkt. Nos. 82-1, p. 17, and 85-1, p. 14].

2

The significant disparity between the actual sales and the restrained amounts clearly demonstrates that maintaining such a blanket freeze is inequitable and far beyond any reasonable expectation of equitable recovery. As Plaintiff acknowledges in its Response, the question is not whether the original injunction was proper, but whether its continuation remains equitable in light of the current facts. See *Winterland Concessions Co. v. Trelac*, 735 F.2d 257, 260 (7th Cir. 1984). [Dkt. No. 97, p. 6].

Given the developed factual record and the limited sales involved, Defendants propose a limited cap of $5,000 per Defendant, which would still allow Plaintiff to pursue equitable relief, such as an accounting of profits, while avoiding an undue hardship on Defendants. This modification is particularly necessary since Defendants have fully complied with the current Preliminary Injunction Order.

Therefore, the current asset restraint is misaligned with the factual record now before the Court, and modifying it to a more reasonable figure is the equitable and just course of action..

**B. The sales figures are properly supported by discovery production from both parties**

Plaintiff contends that Defendants "improperly introduced" sales figures "for the first time" only after the close of discovery through attorney declarations. [Dkt. No. 97, pp. 1-4]. This assertion is baseless and incorrect.

*First*, the sales figures referenced by Defendants are not new. They are derived from documents that were exchanged during discovery — specifically, Plaintiff's own production of Walmart sales data [Dkt. Nos. 82-3, pp. SI0000161-SI0000162, 85-3, pp. SI0000160-SI0000161] and Defendants' Walmart Seller Center Search Results [Dkt. Nos. 82-1, p. 13, and 85-1, p. 10]. *See* Plaintiff's email communication and Document Production, attached hereto as **Exhibit 1**. The attorney declarations challenged by Plaintiff in its Opposition [Dkt. No. 97, p.1] merely summarized and cross-referenced existing materials; they do not present any new facts or figures.

3

***Second***, Plaintiff's Response itself acknowledges that, "***during discovery***," Defendants produced screenshots reflecting 20 units sold by JIECHAO Co. Ltd and 16 units sold by LIQUAN Co. Ltd [Dkt. No. 97, p. 4]. This acknowledgment directly undermines Plaintiff's claim that Defendants introduced sales data after the close of discovery. The sales figures are part of the discovery materials Plaintiff already reviewed.

***Third***, courts routinely permit modification of asset restraints when sales data are corroborated, such as provided by e-commerce platform. *See Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981 (N.D. Ill. 2024) (the court granted defendant's motion to modify based on newly discovered sales revenue data provided by platform).

Similarly, Defendants have met their evidentiary burden based on the original Walmart Sales Data produced by Plaintiff during discovery. Plaintiff's counsel transmitted this data via email and provided a "Document production" link to the repository containing the relevant materials. Copies of these materials are filed with the Court as ECF Nos. 82-3 and 85-3. *See also* Plaintiff's email communications and Document Production including Walmart sales data**, Exhibit 1**.

The Walmart-generated records produced by Plaintiff are consistent with and corroborated by Defendants' own Walmart Seller Center sales records. The provenance of this data, coupled with the clear, verifiable chain of communications, establishes its reliability. This further justifies modifying the asset restraint to more accurately reflect the actual profits from the alleged infringing sales.

**C.** **There is no dispute that the current asset restraint is disproportionate and unnecessary**

The amounts currently restrained in Defendants' accounts far exceed any reasonable equitable relief based on their limited sales of the accused products. The figures outlined below clearly demonstrate the excessive nature of the asset restraint.

| Defendants | Accused Product Walmart Product ID | Walmart Seller Center Records - Provided by Defendants | Walmart Sales Data - Provided by Plaintiff | Units Sold | Total Revenue |
|---|---|---|---|---|---|
| LIQUAN Co. Ltd | #5003310394 | Dkt. Nos. 82-1, p.13 | Dkt. Nos. 82, ¶4, 82-3 | 16 | $274.22 |
| JIECHAO Co.Ltd | #12152721770 | Dkt. No. 85-1, p.10-11 | Dkt. Nos. 85, ¶4, 85-3 | 20 | $302.6 |

| Defendants | Units Sold | Revenue | Amount Frozen | Proposed Release | Remain Restrained |
|---|---|---|---|---|---|
| LIQUAN Co.Ltd | 16 | $274.22 | $47,120.58 [Dkt. Nos. 82-1, p.17] | $42,120.58 | $5,000 |
| JIECHAO Co.Ltd | 20 | $302.60 | $24,617.13 [Dkt. Nos. 85-1, p.14] | $19,617.13 | $5,000 |

Defendants respectfully request that the Court release the excess funds, retaining only $5,000 per Defendant, an amount more than sufficient to cover any potential damages.

**D. Plaintiff's request for a disproportionate asset restraint for satisfaction of a potential judgment is not supported by the current law**

In *Grupo Mexicano*, the Supreme Court has eliminated the possibility of a federal equitable power to freeze a defendant's assets at the request of a plaintiff seeking to secure satisfaction of a future judgment. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999); *see also OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 305 F. Supp. 2d 340, 347 (S.D.N.Y. 2004)("In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, the Supreme Court held that a federal court does not have the power, in the exercise of its general equitable jurisdiction, to issue a preliminary injunction in an action for money damages *to prevent a defendant from transferring assets in which the plaintiff claims no lien or equitable interest*.").

Even if a plaintiff has a valid claim of equitable interest, the court's power to issue an asset freeze is limited *equitable monetary relief*. *See Grupo Mexicano.*, 527 U.S. at 322 ("… but in the federal system, at least, that flexibility is confined within the broad boundaries of traditional equitable relief."); *see also* "the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S.

5

Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Roadget Bus. Pte. Ltd.*, 735 F. Supp. 3d at 983.

***First***, Plaintiff's argument relies on the speculative premise that Defendants "will transfer the funds in their Walmart accounts outside of the United States." [Dkt. No. 97, p. 8, § B]. This assertion alone is insufficient to justify Plaintiff's request for such a disproportionate asset restraint, and it is entirely unfounded, contradicted by Defendants' conduct throughout this case.

Defendants have actively participated in this litigation at every stage, fully complying with the Court's orders and providing necessary information and documentation. Contrary to Plaintiff's claim that Defendants would "stop participating in the case," there is no evidence suggesting that Defendants are attempting to evade the jurisdiction of this Court. Defendants have consistently engaged in the proceedings, reinforcing their intent to comply with the Court's authority and rendering Plaintiff's concerns about asset dissipation speculative at best.

***Second***, the balance of harms no longer favors Plaintiff, as Defendants' Motion to Modify the Asset Restraint offers a remedy that is more than adequate to secure Plaintiff's potential recovery. Defendants have proposed that $5,000 USD remain restrained for each Defendant—an amount far exceeding the minimal revenue generated from the sales at issue—$274.22 and $302.60 respectively.

This proposed amount is more than sufficient to cover any conceivable damages, costs, or statutory awards Plaintiff may seek. The continued restraint of tens of thousands of dollars is grossly disproportionate to the limited scope of the alleged harm and is no longer justifiable.

***Third***, the ongoing restraint of substantial funds is causing significant hardship for Defendants, preventing them from accessing the capital necessary for their business operations.

This financial burden, resulting from an excessive asset freeze, severely impacts their ability to conduct normal business activities. Such a restraint is inequitable and disproportionate to the alleged infringement. Since Defendants have demonstrated they are not a flight risk and have proposed a reasonable security amount that fully protects Plaintiff's interests, the restraint should be modified as requested.

## CONCLUSION

In conclusion, the requested modification of the asset restraint is both reasonable and appropriate, effectively balancing Plaintiff's protection with the realities of the limited sales and infringement involved.

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Modify the Asset Restraint, releasing the restrained funds exceeding amount while maintaining a restrained balance of $5,000 USD or in any amount deemed reasonable by this Court.

November 4, 2025

Respectfully submitted,
/s/ He Cheng
He Cheng
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
rcheng@palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***

7