UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> JIECHAO CO. LTD. and LIQUAN CO. LTD., <br><br> Defendants. | No. 25 CV 1054 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Sony Interactive Entertainment LLC brought this suit against approximately 100 entities selling items on Amazon.com and Walmart.com that it alleged violated its trademarks. Most defendants did not appear (in response to alternative service of process), and default judgment has been entered against them. [63]. Two defendants, however, JIECHAO Co. Ltd. and LIQUAN Co. Ltd., appeared, answered the complaint, and now oppose, in part, Sony's motion for summary judgment. Except as to one mark, defendants do not contest liability, leaving damages and attorney's fees as the surviving issues in this case. Because liability is substantially uncontested, Sony's motions for summary judgment, [70], [75], are granted. But I award Sony only a portion of the statutory damages requested. Because permanent injunctive relief is warranted and made part of the final judgment here, disposition of the motions for summary judgment vacates the preliminary injunction order, [37], and moots defendants' motion to modify asset restraint, [90].

I. **Legal Standards**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, I view the facts and draw all inferences in the light most favorable to the nonmoving party. *Smith v. Kind*, 140 F.4th 359, 362, 364 (7th Cir. 2025).

II. **Background**

Sony Interactive Entertainment LLC, plaintiff in this case, together with Sony Interactive Entertainment Inc., a Japan-based Sony Group entity, develops, markets, and sells the PlayStation line of video game consoles. [83] ¶¶ 7, 11; [86] ¶¶ 7, 11.[1] Sony Interactive Entertainment Inc. has granted plaintiff the right to bring and prosecute actions involving the PlayStation trademark in the United States for infringement via a business agreement. [83] ¶ 9; [86] ¶ 9.

Since the first PlayStation console debuted in 1994, PlayStation controllers have featured four action buttons, each button having a distinct symbol: ∆, O, X, and □. [83] ¶ 15; [86] ¶ 16. Sony has trademarked those successive symbols with the

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are largely taken from the defendants' statements of material facts, [83], [87], where both plaintiff's assertions and defendants' responses are set forth in one document.

2

U.S. Patent and Trademark Office under U.S. Reg. No. 6,082,275. [83] ¶ 24. Sony has also trademarked several other distinctive markers of its controller designs, including the four symbols arranged in a diamond layout (U.S. Reg. No. 5,748,316), the PlayStation logo (U.S. Reg. Nos. 3,482,765; 7,279,163), the brand "DUALSHOCK" (U.S. Reg. No. 4,498,083), and the acronym "PS4" (U.S. Reg. No. 6,763,918). [86] ¶ 25.

In addition to consoles and controllers, Sony sells various consumer goods that feature their trademark button layout, including apparel, drink cozies, and LED lights. [83] ¶ 19. Sony refers to the products they distribute and sell as first-party vendor as "Genuine PlayStation Products." [83] ¶ 20; [86] ¶ 21.

Defendant LIQUAN Co. Ltd. is a Chinese entity that operates an e-commerce store on Walmart.com. [83] ¶ 2. One of the products LIQUAN sold on its Walmart store was a decorative light in the shape of the PlayStation controller button symbols Δ, O, X, and □ from left to right. [83] ¶¶ 29–30. The light was listed under the name "KBOOK Led Game Neon Signs Lights USB Powered for Game Room Player Gift Wall Decor" and sold for $16.36. [83] ¶ 30. Between May 21, 2021, and May 20, 2025, LIQUAN sold 16 units of the light for a total of $274.22 in revenue. [82-3]; [83] ¶ 43. Sony sells a comparable PlayStation controller button symbol-themed light through an Amazon storefront for $21.95. [83] ¶ 22.

Defendant JIECHAO Co. Ltd. is a Chinese entity that operates an e-commerce store on Walmart.com. [86] ¶ 2. One of the products JEICHAO sold on its Walmart store was a video game console controller intended for use with the PlayStation 4. [86] ¶¶ 30–31. The product features the PlayStation logo and the Δ, O, X, and □

3

button layout, and the listing included the DUALSHOCK and PS4 brands. [86] ¶ 31. The controllers were listed under the name "GJX Wireless Controller for PS4, Dual Vibration, Six-Axis Motion, Touchpad Lightbar for PlayStation 4 Console" and sold for $15.13. [78-13]. Between May 21, 2021, and May 20, 2025, JEICHAO sold 20 units of these controllers for a total of $302.60 in revenue. [85-3]; [86] ¶ 44. Sony sells Genuine PlayStation controllers through the Walmart storefront for $79.99. [86] ¶ 23.

Both LIQUAN and JEICHAO are represented by the same counsel, He Cheng. In support of both of his clients' Local Rule 56.1 statements, Mr. Cheng submitted a declaration attesting to the nature of defendants' business practices. *See* [82]; [85]. While Mr. Cheng may have personal knowledge of discovery issues, I find that he does not possess the requisite personal knowledge to testify about defendants' business practices, and his declaration is not admissible to the extent it addresses those topics. Fed. R. Evid. 602.

### III. Analysis

#### A. Summary Judgment Against LIQUAN Co. Ltd.

Defendant LIQUAN does not contest liability for violating Sony's trademark, U.S. Reg. No. 6,082,275 when it sold LED lights that resembled PlayStation controller inputs. *See* [84]. LIQUAN does contest, however, the allegation that it willfully infringed on the trademark. [84] at 3. "An infringement is 'willful' if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991). Willful blindness is equivalent to actual

knowledge for purposes of the Lanham Act. *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992).

The undisputed facts establish, as a matter of law, that LIQUAN acted with reckless disregard for Sony's rights in their trademark. While the symbols in the trademark are simple, they are distinct and consistently appear in a particular order. [73-9]. The lights LIQUAN sold conformed to that order and were marketed as "Game Neon Signs Lights … for Game Room Player." [83] ¶ 30. LIQUAN either knew that it was infringing on Sony's trademark, or was willfully blind to the fact. Pursuant to 15 U.S.C. § 1117(c)(1), that makes the maximum amount of statutory damages $2,000,000.

Sony requests $50,000 in statutory damages, as well as an award for attorney's fees. [71] at 23. When awarding statutory damages, "district courts enjoy wide discretion" and "may consider various factors such as 'the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.'" *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (quoting *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985)); *see also Coach, Inc. v. 3D Designers Inspirations*, 70 F.Supp.3d 942, 947 (C.D. Ill. 2014) ("[C]ourts apply the following factors to determine statutory damages for trademark infringement: (1) the defendant's expenses saved and profits reaped; (2) the plaintiff's lost revenue; (3) the value of the trademark; (4) general deterrence; (5) the willfulness of the defendant's conduct; (6) the defendant's cooperation in providing records from

which to determine the value of the infringing products; and (7) specific deterrence of the defendant.").

Based on the small amount of sales and corresponding minimal harm to Sony's trademark from one infringer selling a few lights, I conclude that $5,000 is an appropriate award of statutory damages. The record only reflects $274.22 in revenue from the infringing product, and that only goes up to $351.20 if I consider Sony's lost revenue—assuming, absent the infringing product in the marketplace, each person who bought a counterfeit light would have purchased a more expensive Genuine PlayStation Product. An award of $5,000 in statutory damages is over 14 times the higher lost-revenue figure and serves as a sufficient deterrent to future infringement.

This is not one of the "exceptional cases" calling for an award of attorney's fees to the prevailing party under 15 U.S.C. § 1117(a). For the purposes of the Lanham Act, a case can be "exceptional" if, under the totality of the circumstances, it "stands out from others with respect to [1] the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or [2] the unreasonable manner in which the case was litigated." *LHO Chicago River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 967 (7th Cir. 2021) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

There is nothing unreasonable about how LIQUAN has litigated this case. It did not contest liability or raise any particularly frivolous arguments with regard to damages. LIQUAN merely entered an appearance, answered the complaint, and responded to this motion for summary judgment by asking me to impose a low-end

6

damages award. If that constitutes an "exceptional case" under § 1117(a), then the statute would be a strict fee-shifting statute and not an exception to the American rule.

### B. Summary Judgment Against JIECHAO Co. Ltd.

Defendant JIECHAO does not contest liability as to four of Sony's registered trademarks—U.S. Reg. Nos. 6,763,918; 4,498,083; 7,279,163; and 5,748,316—but does deny any infringement of U.S. Reg. No. 3,482,765. *See* [87]. JEICHAO denies infringing trademark U.S. Reg. No. 3,482,765 because it "does not cover the accused product at issue," [86] ¶ 25, but the text of the trademark disproves that, [78-9] (trademark applies to "remote controllers for use with video games for use with television for personal use only"). Since the trademark is applicable, and JEICHAO has admitted to violating the identical trademark in U.S. Reg. No. 7,279,163, liability is established for violations of all five marks, and Sony is entitled to summary judgment.

JEICHAO also contests the allegations that its infringement was willful, but the evidence for its willful infringement is even stronger than for LIQUAN. Rather than lights arranged in a distinct series of shapes, the infringing product JEICHAO sold was listed as a wireless controller "for PlayStation 4 Console." [78-13]. At a minimum, JEICHAO was willfully blind to its infringement of Sony's trademarks. The maximum amount of statutory damages is consequently $8,000,000.

Sony requests $200,000 in statutory damages—$50,000 for each non-duplicative infringing mark—but I again find that to be too harsh given the small volume of sales. While the minimum and maximum amount of statutory damages are

7

multiplied by the number of counterfeit marks, *see* 15 U.S.C. § 1117(c), here, the number of marks infringed is not an appropriate measure of statutory damages. The marks were used in combination to effectively infringe one overarching source identifier—the PlayStation brand. I conclude that $25,000 is an appropriate award of statutory damages to compensate Sony for lost sales and deter future infringement. At $79.99 per controller, and 20 units sold, Sony lost approximately $1,600 in revenue from the infringing sales, and a $25,000 award is over 15 times that amount.

For the same reasons the case against LIQUAN does not constitute "exceptional circumstances" warranting an award of attorney's fees under 15 U.S.C. § 1117(a), the case against JIECHAO also does not warrant awarding attorney's fees. JIECHAO, represented by the same counsel as LIQUAN, has litigated reasonably and modestly throughout this case. An award of attorney's fees under § 1117(a) would be inappropriate.

### C. Equitable Relief

Sony also requests entry of a permanent injunction enjoining defendants from advertising, offering for sale, and/or selling products violating Sony's rights in the PlayStation trademarks. [71] at 23; [76] at 23–24. To be entitled to permanent injunctive relief, Sony "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

8

Sony has proven each required element. Injuries arising from Lanham Act violations are presumed to be irreparable. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002). Monetary damages would be inadequate to compensate for injuries to Sony's consumer goodwill. *Id.*; [83] ¶ 23; [86] ¶ 24. There is no hardship to defendants from being enjoined from selling products that infringe Sony's trademarks and it would be a considerable hardship for Sony if its trademarks continue to be infringed, so the balance favors the plaintiff. "As to the public interest, because the injunction prevents consumer confusion in the marketplace, the public interest will be served as well." *Promatek Industries*, 300 F.3d at 813–14.

Defendants make no arguments against the entry of permanent injunctive relief, *see* [84]; [87], so all arguments against entry of such an order are waived. *Nichols v. Michigan City Plant Plan. Dept.*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."). I find that a permanent injunction is warranted and will enter such an order as a separate document and made part of the final judgment order.

The permanent injunctive relief vacates and supersedes the preliminary injunction order. Because the preliminary injunction is no longer in effect, defendants' motion to modify asset restraint, [90], is moot.

## IV. Conclusion

Sony's motions for summary judgment, [70], [75], are granted. Defendants' motion to modify asset restraint, [90], is denied as moot. Enter judgment and terminate civil case.

ENTER:

                                                   Manish S. Shah
                                                   United States District Judge

Date: January 28, 2026